**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3037-20

MARGI BOUTRS,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and AHS HOSPITAL
CORPORATION,

     Respondents.

_____

Submitted September 21, 2022 – Decided September 27, 2022

Before Judges Accurso and Vernoia.

On appeal from the Board of Review, Department of Labor, Docket No. 232,987.

Castronovo & McKinney, LLC, attorneys for appellant (Thomas A. McKinney, of counsel and on the briefs).

Matthew J. Platkin, Acting Attorney General, attorney for respondent Board of Review (Sookie Bae-Park, Assistant Attorney General, of counsel; Roger M. Castillo, Deputy Attorney General, on the brief).

PER CURIAM

Margi Boutrs appeals from the final decision of the Board of Review disqualifying her from receipt of unemployment compensation pursuant to N.J.S.A. 43:21-5(a) and rendering her liable to refund $8,556 in benefits received. The Board determined Boutrs' appeal from the decision of the Appeal Tribunal that she left her job without good cause attributable to the work was untimely filed. We agree and affirm.

Boutrs worked for AHS Hospital Corporation as a clinical lab technologist at Hackettstown Medical Center for seven months from June 2019 to January 2020. She was hired to work the overnight shift from Monday through Friday but staffing problems resulted in her being sometimes assigned weekend nights as well. Boutrs complained to her supervisor about outdated equipment and the lab being understaffed during the overnight hours, which she claimed compromised patient care. She walked out at the end of her shift on January 28, 2020, after a supervisor directed her to attend to the blood work of a critically ill, bleeding patient at 3:00 a.m., necessitating she ignore requests from the attending physician in the emergency room looking for results from other time-sensitive tests for other critical patients.

A-3037-20

Boutrs testified at the hearing her husband struggled with managing the care of their two toddlers overnight, notwithstanding that she bathed and put them to bed before the start of her 11:00 p.m. shift, and that the work had taken a toll on her health, both of which contributed to her decision to quit. She contended, however, the main reason she left work was the understaffing of the lab on the overnight shift. She testified she complained to her supervisor about the staffing problems but did not address the problem with human resources, nor seek a leave of absence or medical accommodation.

The Appeal Tribunal determined in a decision dated December 30, 2020, that Boutrs left work voluntarily without good cause attributable to the work. Although noting Boutrs complained to her immediate managers about the overnight staffing level, the Appeal Tribunal found she didn't elevate her concerns to the human resources department, and thus failed to attempt to preserve her employment by requesting an adjustment of the staffing or a leave of absence or medical accommodation. It found no evidence the supervisor's instructions were illegal or malicious. The Tribunal did not find Boutrs' weekend assignment had any greater effect on her childcare issues than the weeknight schedule she accepted on her hiring. Because Boutrs was disqualified for benefits, the Appeal Tribunal found "she received benefits to

3

which she was not entitled" and was thus liable to refund the $8,556 she received in accordance with N.J.S.A. 43:21-16(d).

Immediately following the decision in bold letters was an "IMPORTANT" notice that it would become final within twenty days "of the date of mailing or notification" unless a written appeal was filed with the Board of Review. The notice further provided the appeal period "will be extended if good cause for late filing is shown," and the claimant could be represented by an attorney before the Board of Review. Although represented by counsel, Boutrs did not file an appeal with the Board of Review by the twenty-day deadline of January 19, 2021. Instead, her counsel sent letters on January 22 and 25, 2021 to the Appeal Tribunal "to formally appeal the Department [of Labor and Workforce Development]'s Request for Refund of Unemployment Benefits dated January 4, 2021."

Boutrs' counsel followed up those letters with several more addressed to the Appeal Tribunal in February and March 2021, asserting Boutrs had not left work voluntarily but had been constructively discharged and seeking to reopen the appeal and schedule a new hearing date. On March 23 and April 30, 2021, Boutrs' counsel sent letters of appeal to the Board of Review. Although both letters complained about the failure of the Board to confirm counsel's prior

4

requests for an appeal and to schedule a new hearing date, and the April 30 letter detailed the reasons the Appeal Tribunal's decision should be reversed, neither letter addressed the untimeliness of the appeal or any good cause for the late filing.

The Board of Review issued its final decision on May 27, 2021. The Board noted the only appealable decision in the matter was the one the Appeal Tribunal issued on December 30, 2020, and that the Board did not receive Boutrs' appeal of that decision until February 22, 2021. Deeming the appeal late without good cause, the Board dismissed the appeal without discussion of the merits. See N.J.S.A. 43:21-6(c).

Boutrs appeals, claiming the Board's "misstating the date" Boutrs filed her appeal is "a clear and obvious error" and even if she filed her appeal out-of-time, "the record on appeal is entirely devoid of any factual finding regarding the good cause exception to the timing of the appeal" requiring remand. We cannot agree.

Our review of administrative agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011). The agency's determination carries a presumption of correctness, and the claimant bears a substantial burden of persuasion. Gloucester Cnty. Welfare Bd. v. N.J. Civ. Serv. Comm'n, 93 N.J.

384, 390-91 (1983). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). An appellate court reviews "a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard," E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022), meaning "[w]e will defer to an agency's interpretation of both a statute and implementing regulation, within the sphere of the agency's authority, unless the interpretation is 'plainly unreasonable,'" ibid. (quoting In re Election L. Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

We agree with the Board the only appealable decision issued by the Appeal Tribunal in this case was issued on December 30, 2020, making any appeal to the Board of Review due by January 19, 2021. See N.J.S.A. 43:21-6(c). The letters Boutrs' counsel sent to the Appeal Tribunal on January 22 and 25, 2021, purported to appeal the Department of Labor and Workforce Development's January 4, 2021 request for refund of unemployment benefits, not the Appeal Tribunal's decision of December 30, 2020.

Although counsel's first letter to the Board of Review is dated March 23, 2021, the Board apparently received counsel's letter of February 23 directed to

6

the Appeal Tribunal, which attached the January 25 letter detailing the reasons Boutrs claimed the Appeal Tribunal was wrong to find she left work voluntarily without good cause attributable to the work.[1]  Although there appears some obvious confusion around the actual filing date of Boutrs' appeal, we find no good reason to remand to sort it out when there is no dispute that whatever day it is would be after the January 19, 2021 deadline for an appeal.  Boutrs has given us no reason to disturb the Board's finding that the appeal was untimely.  In re Herrmann, 192 N.J. 19 (2007).

We also cannot fault the Board for the absence "of any factual finding regarding the good cause exception to the timing of the appeal."  In all her many letters to the Appeal Tribunal and the Board of Review, Boutrs' counsel never acknowledged the appeal was late or offered any good cause for it being so.  See N.J.A.C. 12:20-4.1(h) (providing "[a] late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause," defined as "circumstances beyond the control of the appellant," or "circumstances which could not have been reasonably foreseen or prevented"); Rivera v. Bd. of Rev., 127 N.J. 578, 590 (1992) (noting the importance of an

---

[1]  Although the letter is dated February 23, 2021, it was apparently telefaxed to the Appeal Tribunal the prior afternoon, February 22, 2021, near the close of business.

"allowance for good cause exceptions" to protect a claimant's due-process rights).

It is unclear on what basis the Board of Review could have made any factual finding as to whether good cause justified the late filing of the appeal as Boutrs has never offered any reason. Even on this appeal, where the only issue is whether the Board acted arbitrarily in dismissing the appeal as untimely, Boutrs has still not offered any reason for the late filing. She has thus given us no cause to overturn the Board's decision.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION